IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAIME MEJIA, | ) | CASE NO. 4:14 CV 2492 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| WARDEN, FCI ELKTON, | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* Petitioner Jaime Mejia filed the above captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. He is currently incarcerated at FCI Elkton. He disputes a guilty finding in a disciplinary hearing that took place at FCI Ashland in Kentucky that resulted in loss of 27 days of good time credits. He contends he was denied procedural and substantive due process. He asks that the Court order the Bureau of Prisons to expunge his disciplinary record, and restore the good time credits.

**Factual and Procedural Background**

Petitioner received a conduct report for threatening another with bodily harm. He contends the report was written by a lieutenant on behalf of a rookie officer. He claims the report was inaccurate, and he was no where near the victim when the incident allegedly occurred. He also states

the officer waited forty-five minutes before sending him to segregation. He was found guilty by a Disciplinary Hearing Officer. He appealed the decision to the Bureau of Prisons but his guilty finding was upheld. He claims rights to procedural and substantive due process were violated.

## Standard of Review

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

## Discussion

The Court's ability to review prison disciplinary proceedings is limited. District courts have no authority to review a disciplinary committee's resolution of factual disputes, or to make a redetermination of an inmate's innocence or guilt. *Superintendent, Massachusetts Correctional Institution at Wolpole v. Hill*, 472 U.S. 445, 455 (1985). The only question for the Court to determine is whether the hearing complied with the basic requirements needed to satisfy due process.

The standard is not a difficult one to meet. To comply with the requirements of the Due Process Clause, prison officials need only provide a prisoner facing loss of good time credits with: (1) a written notice of the charges at least 24 hours prior to any hearing, (2) an opportunity to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals, and (3) a written statement by the fact-finders as to the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1972). Prisoners do not have a due process right of confrontation and cross-examination, or a right to counsel, in prison disciplinary proceedings. *Id.* at 569-70.

Furthermore, due process requires only that disciplinary findings resulting in the loss of good time credits be supported by "some evidence" in the record. *Superintendent, Massachusetts Correctional Institution at Wolpole*, 472 U.S. at 454-56. This standard is satisfied where "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* The DHO is not required to base findings on overwhelming or irrefutable proof of guilt. Even where the evidence is contradictory or partially exculpatory, a DHO may base a finding of guilt on only "some evidence" that indicates the prisoner is guilty. *Id.* at 457.

In this case, although Petitioner attempts to characterize his claim as a denial of due process, he simply attacks the result of the disciplinary hearing. He does not complain about the hearing process, nor does he suggest he did not have sufficient notice of the charges. Moreover, there is some evidence to support the finding of guilt. While Petitioner disputes the DHO's resolution of factual issues and his finding of guilt, he has not sufficiently demonstrated he was denied due process.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 2243. Further, under 28 U.S.C. § 1915(a)(3), this Court certifies an appeal could not be taken in good faith.

IT IS SO ORDERED.

*[signature]*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: June 8, 2015